**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KIMBERLY ANN LANEY**                                        **PETITIONER**

**VERSUS**                                 **CIVIL ACTION NO.  3:14CV825 HTW-LRA**

**RON KING**                                                        **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Kimberly Ann Laney filed a petition for writ of habeas corpus relief on October 24, 2014.  Respondent Ron King has filed an Answer asserting that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996.  Alternatively, Respondent argues that Petitioner's claims are procedurally defaulted.  As a thorough review of the record supports the Respondent's contentions, the Court recommends that the petition be dismissed.

Laney was convicted of DUI manslaughter by a jury in the Circuit Court of Newton County, Mississippi.  On September 14, 2009, she was sentenced to a term of 25 years in the custody of the Mississippi Department of Corrections ("MDOC").  That same day, the circuit court granted trial counsel's motion to withdraw.  Thereafter, Laney made several unsuccessful attempts to pursue an out-of-time appeal.

On July 1, 2011, Petitioner filed an "Application to Proceed in the Trial Court" (signed June 28, 2011) which was dismissed without prejudice for lack of jurisdiction by the Mississippi Supreme Court on September 28, 2011, because there had been "no appeal of Laney's conviction and sentence."

On December 19, 2011, Laney filed a "Notice of Appeal," in the Mississippi Supreme Court appealing an order purportedly issued by the circuit court on December 6, 2011. The Mississippi Supreme Court subsequently dismissed the appeal finding that no appealable judgment had been issued by the circuit court on that date.

On December 19, 2011, Laney also filed a motion in the Newton County Circuit Court seeking an out-of-time appeal, which was treated as a motion for post-conviction relief and denied on February 13, 2012. The circuit court's order provides in relevant part as follows:

> It is undisputed that no appeal has been filed with the Mississippi Supreme Court. The proof will show that Petitioner is not an indigent, and thus she has the ability to hire legal counsel for said appeal. It further appears that 4 attorneys have been involved for some level of representation since her indictment, but none of which resulted in the perfection of authority for an out-of-time appeal.
>
> The Post-Conviction Collateral Relief statutes are codified under Miss Code Ann. § Section 99-39-1, et seq, and the Court has reviewed Section 99-39-5 and 99-39-7 of said code with a view toward determining whether Petitioner has stated grounds for relief thereunder.
>
> The Court is of the opinion and so finds that with the passage of nearly 3 years since her conviction, Petitioner has had ample time to effectuate her out-of-time appeal, and thus she is not entitled to relief under said code sections. The undersigned does not venture to speculate whether the entry of this Order will now give Petitioner the opportunity to appeal these findings with the Mississippi Supreme Court.[1]

On March 23, 2012, the circuit court entered an order denying Laney's second attempt to file an out-of-time appeal. The court's order states in pertinent part as follows:

---

[1] ECF No. 5-5, pp. 1-2.

> **IT APPEARING** that Kimberly Ann Laney, hereinafter referred to as Petitioner, has filed a pleading with the Newton County Circuit Court entitled NOTICE OF APPEAL, and the text and thrust of said purported appeal is that Petitioner is appealing as a Pauper, she having attached her Affidavit of Poverty to her said pleadings.
>
> **IT FURTHER APPEARING** that Petitioner appeared before the Court during the January, 2012 Term, seeking the same relief which she apparently is now pursuing. The Court conducted an on the record hearing, and among other things, it was determined that Petitioner, indeed, is not a Pauper, but stated to the Court under oath that her financial estate includes a sum of money of $10,000.00.
>
> The Court treated her matter as a Post Conviction Relief matter, making particular findings which reflected that Petitioner is not entitled to any relief before this Court, and basically that the substantive issues are *res adjudicata*.
>
> During the interim, the Circuit Clerk of Newton County, Mississippi is directed not to receive any further Pleadings Pro Se from Petitioner, but only those through a licenced attorney.[2]

Thereafter, Petitioner filed a third "Notice of Appeal," which was dismissed by the circuit court on April 16, 2012. Aggrieved, on January 28, 2013, Laney appealed the lower court's decision to the Mississippi Supreme Court, alleging that the circuit court erred in denying her motion to proceed with an out-of-time appeal. Finding no abuse of discretion, the Mississippi Court of Appeals affirmed the judgment of the circuit court on November 26, 2013. The court explained that the lower court did not err in denying Laney's application because she failed to request an out-of-time appeal within the 180 days required by Rule 4(h) of the Mississippi Rules of Appellate Procedure. The court

---

[2]ECF No. 5-8, pp. 1-2.

additionally found that Laney had failed to establish that she was denied the right to perfect her appeal through no fault of her own, explaining as follows:

> The record does not support Laney's contention that she is entitled to an out-of-time appeal. Based on her statements at the show-cause hearing, Laney was aware on the day of sentencing that she had thirty days to file a notice of appeal. She also knew that she was unsatisfied with her trial attorney's performance and would need to hire a new attorney to proceed with her appeal. Even though Laney contends that a number of extrinsic factors prevented her from pursuing an appeal of her conviction and sentence, it is undisputed that Laney was aware that she would need a new attorney after the conclusion of her trial. Her testimony at the show-cause hearing revealed that on the day of sentencing, she knew that her trial attorney would not proceed with the case without the payment of more money. Also, Laney testified that she knew that she had thirty days to file her notice of appeal and that she would either have to pay her trial attorney, hire a new attorney, or proceed on her own. Therefore, we cannot say that the failure to perfect Laney's appeal was through no fault of her own. Accordingly, we decline to suspend the rules to allow Laney to appeal her conviction and sentence, and we affirm the judgment of the circuit court.

*Laney v. State*, 130 So.3d 139, 144 (Miss. Ct. App. 2013). The mandate of the court of appeals issued on November 26, 2013. Laney did not file a petition for rehearing, forfeiting her right to seek further discretionary review. M.R.A.P. 40(a); *See Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003).[3]

Laney now files the instant petition for habeas relief and raises the following as grounds (as stated by Petitioner):

Ground One: Mississippi State Article 3, SEC 26.

Ground Two: There exists evidence of material fact.

---

[3] Although Laney also requested an extension of time to file a petition for certiorari, the motion was denied by the Mississippi Supreme Court "for failure to fulfill the necessary prerequisite of first seeking review of the Court of Appeals' decision by filing a motion for rehearing." ECF No. 5-12.

Ground Three:    I argue that the cumulative effect of the actions of all the Newton Co. Court officials, plus state troopers prejudiced my right to a fair trial.

Ground Four:    Ineffective Assistance of Counsel.[4]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[4]ECF No. 1.

5

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 632 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Laney's conviction and sentence became final on October 16, 2009, 30 days after her motion for judgment notwithstanding the verdict, or new trial was denied on September 16, 2009.[5] *See* M.R.A.P. 4 (e). To toll the statute of limitations, she was required to file a "properly-filed" motion for post-conviction collateral relief on or before October 16, 2010. None of her post-conviction filings are a "properly filed" motion as contemplated by 28 U.S.C. § 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Accordingly, because she did not file a motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from October 16,

---

[5]Although she failed to timely seek an appeal, Laney is credited with the 30-day time period allowed for filing an appeal under Rule 4(e) of the Mississippi Rules of Appellate Procedure. *See Roberts*, 319 F.3d at 693-94.

2009, to October 16, 2010. Absent equitable or statutory tolling, her federal habeas petition filed on October 24, 2014 (signed on October 20, 2014) is untimely.

Laney does not deny that her habeas petition is untimely. She argues that several extenuating circumstances following her conviction affected her ability to pursue post-conviction remedies. Specifically, she claims first that trial counsel refused to file an appeal unless she paid him $10,000. When counsel later offered to file an appeal if she paid the filing the fee, Laney states that she was unable to secure the funds because she has no family or friends in Mississippi. Next, she asserts that on or around October 31, 2009, she broke her right arm and hand following a slip and fall. She claims that she had to wait 21 months for an operation, while MDOC officials refused to give her therapy. In the interim, she hired new counsel who failed to file any motions on her behalf before ultimately withdrawing at the end of 2010. She claims that "[b]efore and after this setback," she also tried to obtain help from the Inmate Legal Assistance Program ("ILAP") department at Central Mississippi Correctional Facility ("CMCF"), but could never get an appointment.[6] Laney also alleges that her requests for library access at CMCF were refused, and she claims that there is no law library in the facility where she is currently housed. Additionally, she states that "[i]n the first quarter of 2011," she was given misinformation about the proper court that she was to proceed in, and was not informed that she was in the wrong court until "the end of September 2011." Lastly,

---

[6]ECF No. 9, pp. 1- 4.

7

Laney asserts that the circuit court judge's refusal to accept any of her *pro-se* post-conviction filings demonstrates that the "cause of my delay has been the system itself."[7]

Even if the Court were to accept Laney's contention that her ability to pursue habeas relief was impeded by these factors, Laney cannot establish that these factors, either alone or in combination, were the cause of her delay rather than her lack of diligence.

## MEDICAL CONDITION

Laney does not submit any evidence supporting her contention that her medical condition or medication impaired her ability to timely file her federal habeas petition. *Robinson v. Johnson*, No. 99–40291, 2000 WL 821450, at *1 (5th Cir. May 31, 2000) (per curiam)(unpublished). While a physical or mental impairment *"may* toll AEDPA's statute of limitations, it does not do so as a matter of right." *Smith v. Kelly*, 301 F.App'x 375, 377 (5th Cir. 2008) (emphasis in original). To warrant equitable tolling, a petitioner has the burden of showing that a physical or mental injury rendered her unable to pursue her legal rights during the relevant limitations period. Mere allegations are insufficient. Even then, equitable tolling "will not be applied where the applicant failed to diligently pursue relief under § 2254 . . ." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

The Court finds that while Laney's injury may have made it more difficult for her to file a timely petition *pro se*, the evidence fails to establish that it made it impossible for

---

[7]ECF No. 9, p. 1-4.

her to do so. *LeTourneau v. Hickman*, 116 F. App'x 70, 71 (9th Cir. 2004). Laney does not contend, for example, that her cognitive function or ability to communicate was impaired by her injury. *See Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (holding physical conditions justify tolling when those conditions impair cognitive function or the ability to communicate). And, although she asserts in her state post-conviction filings that MDOC's legal department ignored her requests for help when her arm was in a cast,[8] she does not explain why she was unable to seek assistance from fellow inmates, or others. *See Alicia v. Karestes*, 389 F.App'x 118, 121 (3rd Cir. 2010) (rotator cuff injury "did not necessarily prelude opportunities to file, since others could have assisted him in completing the forms").

In addition, even if the Court were to toll the limitations period for the 21 months Laney asserts that she had to wait for her operation, including the time she was represented by post-conviction counsel, she did not act with reasonable diligence to render the instant petition timely. By her own account, Laney retained new counsel in March 2010. Thus, before new counsel was hired, approximately five months of AEDPA's one-year statute of limitations had already begun to run. To the extent Laney contends her reliance on counsel warrants equitable tolling for the remainder of the limitations period, the argument is unavailing. As further set forth herein, neither the fact

---

[8]ECF No. 6-9, p. 38.

9

that she retained new counsel, nor her contention that the counsel abandoned her, relieved Laney of her obligation to exercise reasonable diligence.

## ATTORNEY ABANDONMENT

Insofar as Laney claims that she is entitled to equitable tolling because trial counsel failed to perfect a direct appeal, her claim is without merit. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted). Laney acknowledges that she was informed of the right to appeal and that trial counsel offered to preserve that right for the filing fee. As the state court found, she was also aware on the day of sentencing that she had 30 days to file an appeal, and would have to either "pay her trial attorney, hire a new attorney, or proceed on her own." *Laney*, 130 So.3d at 144. Yet, Laney fails to offer sufficient justification for the unreasonable delay in pursuing post-conviction remedies after trial counsel withdrew representation. A petitioner "cannot claim diligence in his reliance on attorneys for a period of time during which he had no reason to believe he was actively represented by counsel." *Tsolainos v. Cain*, 540 F. App'x 394, 399 (5th Cir. 2013).

Next, Laney asserts that she retained new counsel to file a notice for an out-of-time appeal on her behalf in March 2010, but counsel failed to do so. Notably, she does not allege that she instructed counsel to file a federal petition on her behalf. She simply

maintains that she repeatedly tried to contact counsel "over several months" to no avail.[9] A review of the state court pleadings reveals additional facts.

At some point, Laney wrote a letter expressing her desire to file a complaint against each of her attorneys, including her new counsel. The letter, which is undated, appears to have been sent to the circuit court judge who presided over her trial, and reads as follows (as stated by Petitioner):

> After my interview with Mr. Martin, I had my family send Ms. Adams the money and I sent her a letter asking some questions. It was several weeks before she answered. I didn't receive anything from her during June or July. On August 13th I called my family and asked them to contact her office. They left several messages, but could not get any information. In September I sent a letter, with no response. My family continued to call. On October 11th, 2010[10] I requested the MDOC legal department to email Ms. Adams, so I could maybe get some information. My family notified me that Ms. Adams was out having a baby. Ms. Adams sent me a letter just before the Thanksgiving Holidays. On December 10th Ms. Adams and one of her associates, Amanda came to see me. They delivered a letter typed on 12-7-10, yet they failed to bring me a copy of the court transcripts. They told me there was nothing they could do for me, but they would try to contact Tracy Dairo. I received another letter on December 16th concluding our attorney client relationship. Apparently, Ms. Adams doesn't know the law, a direct appeal has to be filed before a Post Conviction Relief can be filed. Ms. Adams did not do what I hired her to do. She actually did nothing for me but waste my time. Also, I found out that Mr. Martin doesn't work out of her office. His firm is called Alred Law Firm. . . . They both took my money, but did not give me proper legal representation. They down right took advantage of me. I am still trying to complete a Post

---

[9]ECF No. 1, p. 14.

[10] Although Laney indicates in her letter that she requested that ILAP email Attorney Adams on October 11, 2012, the record reflects that this request was received by ILAP on October 12, 2010. Thus, this appears to be a scrivener's error. ECF No. 12-1, p. 3.

11

>Conviction Relief in the Mississippi Supreme Court.  If you have any questions about this complaint, please feel free to contact me at MDOC.[11]

Insofar as Laney alleges that abandonment by Attorneys Martin or Adams warrants equitable tolling, her claim must fail.

Laney bears the burden of proving rare and exceptional circumstances to justify equitable tolling.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  While "attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes, [it] does not, by itself, excuse the petitioner from his duty of diligence." *Manning v. Epps*, 688 F.3d 177, 189, n. 2 (5th Cir. 2012).  Petitioners must exercise due diligence "even when they receive inadequate legal representation."  *Id.* at 185.

Here, Laney contends that she hired counsel to pursue an out-of-time direct appeal, not post-conviction review.  But even assuming that Laney has met her burden of proving attorney abandonment relative to collateral review, she fails to show that she acted with the reasonable diligence required by *Holland*.  Laney's trial counsel withdrew in September 2009.  Yet, she offers no explanation for why she waited until March 2010 – almost half of the limitations period – to retain new counsel.  *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).  Nor does she explain why she failed to file a protective federal petition *pro se* requesting that federal proceedings be stayed while she pursued state court remedies.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *Madden v.*

---

[11] ECF No. 6-8, pp. 38-39.  Following post-conviction's counsel withdrawal, Laney met with a fourth attorney at the request of the circuit court judge.  She declined the attorney's offer of representation, however, because of the legal fees. ECF No. 6-8, pp. 40-41.

*Thaler*, 521 F. App'x. 316, 321 (5th Cir. 2013). By her own admission, her new counsel withdrew at the end of 2010 without taking any action on her behalf to preserve her state court remedies. She has never alleged that she was denied access to AEDPA or knowledge of its one year statute of limitations at any point of her incarceration. Laney, furthermore, offers no persuasive explanation for her failure to diligently pursue her habeas petition after counsel withdrew at the end of the 2010.[12] Neither her arm injury or ILAP claims are sufficient, as further explained herein. Lastly, even if the Court were to toll the statute of limitations for the nearly ten-month period that Laney was represented by Attorneys Martin and Adams, it would not be enough to render the federal petition timely. Laney filed the instant petition in October 2014, nearly four years after counsel withdrew representation.

## ILAP ASSISTANCE

Every inmate in the custody of the Mississippi Department of Corrections has access to legal assistance, case law and other legal materials through the Inmate Legal Assistance Program, which was substituted for hardback libraries in 1997. *See Neal v. Bradley*, 2006 WL 2796404 (N.D. Miss. Sept. 25, 2006) (referencing the affidavit of Gia N. McLeod, Director of the ILAP). Through ILAP, inmates have the ability to submit a research request of any issues relevant to challenging his conviction and sentence. They also receive a post-conviction packet containing an overview of federal habeas,

---

[12] Compare *Holland*, 560 U.S. at 654 ("[T]he *very day* that Holland discovered that his AEDPA clock had expired due to [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.") (emphasis in original).

"including a discussion of the one year statute of limitations period of AEDPA" upon request. *Id.*

In the instant case, Laney asserts that her attempts to receive ILAP assistance were unsuccessful, but she does not identify a single instance where she requested ILAP assistance and her requests were denied. She generally asserts that "before and after [her] setback" with post-conviction counsel that she tried to get ILAP assistance while housed at CMCF, but could "never get an appointment."[13] She does not indicate how many attempts she made or when. Nor does she provide any ILAP request forms or denials, or administrative grievances showing that she attempted to notify the proper authorities that her access to the ILAP program was being impeded. *Radcliff v. King*, No. 4:10CV193-DPJ-FKB, 2011 WL 4014465 (S.D. Miss, Sept. 9, 2011). The record, in fact, belies her claims. MDOC's Offender Log reveals numerous ILAP communications, request forms, research, information packets, and writing supplies dating as far back as September 2009 were provided to Laney.[14] The evidence also shows that Laney had several ILAP conferences despite her claims that she could never get an ILAP appointment. Elsewhere in fact, Laney acknowledges that she had ILAP conferences, but claims that she received bad advice or none at all.[15]

---

[13] ECF No. 9, pg. 1-4.

[14] ECF No. 12-1.

[15] ECF No. 6-8, p. 66. As Respondent notes, Laney's offender log appears to indicate that she received the packet for the Southern District federal habeas forms in October 2011, but waited until October 2014 to file her federal petition.

Laney's contention that she is entitled to equitable tolling because the information she received from the ILAP was confusing or inadequate must be rejected. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002). The Fifth Circuit has repeatedly held that the inability to obtain research materials, an inadequate law library, ignorance of the law, or being pro se, are not "rare and exceptional" circumstances that warrant equitable tolling of the AEDPA limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). To the extent that Laney is asserting that inadequacy of ILAP was a state-created impediment warranting statutory tolling under 28 U.S.C.§ 2244 (d)(1)(B), her argument is unavailing.[16] To invoke the state-created impediment exception, a litigant must establish that: "(1) he was prevented from filing a petition (2) by government action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003).

It is difficult in this case to discern when Laney contends that she received inaccurate information as she fails to allege facts with sufficient specificity concerning her ILAP claim. In her federal filings, she states that "[i]n the first quarter of 2011," she was given misinformation about the proper court that she was to proceed in, and was not informed that she was in the wrong court until "the end of September 2011." Assuming

---

[16]The Fifth Circuit has indicated that an incomplete ILAP packet may constitute a state-created impediment to warrant statutory tolling under 28 U.S.C.§ 2244 (d)(1)(B). *Howard v. Epps*, 250 F. App'x 73, 75 (5th Cir. 2007) (prison's failure to provide inmate a "corrected packet" with information relative to AEDPA's limitations period constituted a state created impediment to timely filing his petition).

arguendo that she was so misinformed, Laney did not file her petition in this Court until October 2014, well after the alleged impediment was removed. Insofar as Laney claims that she was not aware that she was proceeding in the wrong state court until her first appeal was dismissed for lack of jurisdiction, her claim still fails. Even if the Court were to find that Laney diligently pursued her state post-conviction remedies, no state-court matter of any kind was pending after the court of appeals issued its mandate on November 26, 2013. Yet, Laney waited nearly a year after the court's mandate to file her petition for habeas relief. Most importantly, AEDPA's statue of limitations expired in October 2010, well before she was allegedly misinformed. Laney has not shown that misinformation from ILAP played any role in her failure to timely file a federal petition. She has not demonstrated that ILAP *prevented* her from timely filing her federal petition to warrant statutory tolling under 28 U.S.C.§ 2244 (d)(1)(B). *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (a petitioner "must also show that . . . [the impediment] actually prevented him from timely filing his habeas petition").

## ACCESS TO STATE COURT

Lastly, the Court turns to Laney's argument that the circuit court's refusal to accept her pro-se filings delayed her ability to timely file her petition. The Court liberally construes this argument as an invocation of 28 U.S.C.§ 2244 (d)(1)(B) for statutory tolling due to a state-created impediment. The evidence of record shows that the circuit court did not issue the order prohibiting Laney's *pro se* filings until March 2012 – well after AEDPA's one year statute of limitations period ended. Accordingly, it was not a

state-created impediment that prevented Laney from filing her petition during the AEDPA limitations period.

The Court is mindful that Laney was not required to use "maximum feasible diligence" to warrant equitable tolling, and is not unsympathetic to the hardship she faced during her post-conviction proceedings. *Holland*, 560 U.S. 653. No obstacle, alone or in combination, however, actually prevented Laney from timely filing a habeas petition. None of AEDPA's other statutory exceptions are alleged, nor are they applicable, and none of Petitioner's remaining arguments are relevant to the timeliness of her federal habeas petition. In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice. Because the Court so finds, it need not reach the issue of procedural default.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 27th day of March, 2017.

>                            /s/  Linda R. Anderson
>                    UNITED STATES MAGISTRATE JUDGE